# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES SHARKEY,

    Plaintiff,

v.

JERRY HOWELL, *et al.*,

    Defendants.

Case No. 2:20-cv-00396-APG-NJK

**ORDER**

    This action began with a *pro se* civil rights complaint filed by James Sharkey, a former state prisoner. On February 27, 2020, Magistrate Judge Koppe denied Sharkey's application to proceed *in forma pauperis* for prisoners as moot because he was no longer incarcerated. ECF No. 3 at 1. Judge Koppe ordered Sharkey to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400 by March 30, 2020. *Id.* That deadline has now expired and Sharkey has not filed the application, paid the filing fee, or otherwise responded to the order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Koppe's order requiring Sharkey to file a new application or pay the full filing fee expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." ECF No. 3 at 1. Thus, Sharkey had adequate warning that a dismissal would result from his noncompliance with Judge Koppe's order.

2

I THEREFORE ORDER that this action is dismissed without prejudice based on Sharkey's failure to comply with Judge Koppe's February 27, 2020 order. Sharkey is advised that he may file a new case under a new case number if he wishes to submit an application to proceed *in forma pauperis* for non-prisoners with his new case filing.

I FURTHER ORDER the Clerk of Court to enter judgment accordingly.

I FURTHER ORDER the Clerk of the Court to send the plaintiff a courtesy copy of the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the information and instructions for filing an *in forma pauperis* application.

Dated: April 9, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE